NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 1 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL J. DETERMAN; CHARLESA A. DETERMAN, as personal representatives of the Estate of Matthew J. Determan, Deceased, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> THE BOEING COMPANY; et al., <br><br> Defendants-Appellees. | No.  18-15515 <br><br> D.C. No. 1:16-cv-00144-LEK-KJM <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Argued and Submitted October 17, 2019
Pasadena, California

Before:  NGUYEN and OWENS, Circuit Judges, and VITALIANO,** District Judge.

Michael and Charlesa Determan—the parents and personal representatives

of the estate of Matthew Determan—appeal from the district court's grant of

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The Honorable Eric N. Vitaliano, United States District Judge for the Eastern District of New York, sitting by designation.

summary judgment on their state law claims for product liability, negligence, and wanton design in favor of The Boeing Company, Bell Helicopter Textron, Inc., and Eaton Aerospace LLC (together, the Contractors). The suit arises from the crash of an Osprey aircraft, which killed Matthew Determan and another non-party soldier. The district court granted summary judgment to the Contractors based on the three-part government contractor affirmative defense. *See Boyle v. United Techs. Corp.*, 487 U.S. 500, 512 (1988) (granting immunity from tort liability for design defects if (1) the government approved reasonably precise specifications, (2) the equipment conformed to those specifications, and (3) the supplier warned the government about the dangers known to it but not the government).

On appeal, the Determans argue that the district court erred because genuine issues of material fact exist regarding the first and second factors. They do not challenge the district court's conclusion regarding the third factor. As the parties are familiar with the facts, we do not recount them here. We affirm.

The district court correctly concluded that there are no genuine issues of material fact regarding the first *Boyle* factor. The undisputed evidence establishes that the government considered and approved reasonably precise specifications for the design feature at issue, the Osprey's Engine Air Particle Separator (EAPS) system. The Determans fail to support an inference that the government merely approved performance standards; the undisputed evidence shows that the

2

government approved the detail specification and the final, top-level drawing of the aircraft, which both incorporate by reference design specifications for the EAPS system. And the Determans' argument that the government was required to approve the impacts of reactive sand on the EAPS system, rather than just the EAPS system itself, fails because *Boyle* established that a contractor need not obtain the government's consent for every possible defect or alternative design. *See id*. at 513.

The district court also correctly determined that there are no issues of genuine fact regarding the second *Boyle* factor. The undisputed evidence establishes that the government certified that the subject Osprey, including its EAPS system, conformed with the design specifications. *See Getz v. Boeing Co.*, 654 F.3d 852, 864 (9th Cir. 2011) (holding that certification after careful scrutiny is "sufficient proof of conformity"). The Determans point to testing data indicating that a generic EAPS system failed to meet the government's efficiency requirements, but those tests have no bearing here because they were conducted in experimental testing conditions on a different EAPS system than the one in the subject Osprey.

**AFFIRMED**.